**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 00-CR-0105-CVE |
| ) | (03-CV-0885-CVE-FHM) |
| ) | |
| **MALCOLM DEROME MCGEE,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 101) filed by petitioner Malcolm Derome McGee ("McGee")[1], appearing pro se. At the request of the Court, the United States filed a response to petitioner's motion (Dkt. # 111). McGee thereafter filed a reply (Dkt. # 113). Petitioner claims that he received ineffective assistance of counsel because (1) his trial and appellate counsel failed to argue that he was improperly classified as a career offender; (2) his trial counsel failed to recognize that he was not a career offender during the plea negotiations; and (3) his counsel failed to file a notice of appeal as requested by petitioner. Further, on July 15, 2004, petitioner filed a Motion to Add Additional Support to Initial 2255 Motion and Respond and Expand the Record (Dkt. # 115), which seeks to amend his § 2255 motion to add the additional claim that his revised sentence

---

[1] The indictment charged "Malcom Derome McGee." Dkt. # 7. However, the initial complaint had previously been amended by interlineation to name "Malcolm Derome McGee." See Dkt. # 3. It appears that the indictment incorrectly spelled defendant's first name because, when he filed a motion for change of counsel (Dkt. # 11), he filed it pro se and spelled his name as "Malcolm." Therefore, the Court will refer to defendant as Malcolm Derome McGee.

violated his Sixth Amendment rights. For the reasons set forth below, the Court finds that petitioner's § 2255 motion should be denied, and his motion to amend should be denied.

**I.**

A federal grand jury returned a three-count indictment against defendant charging him with the following: Count One – conspiracy to commit offenses against the United States in violation of 21 U.S.C. § 846; Count Two – intentionally causing another person to unlawfully possess with intent to distribute in excess of one kilogram of a mixture or substance containing phencyclidine ("PCP") in violation of 18 U.S.C. § 2(b) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv); Count Three – use of a telephone in committing, causing, and facilitating the commission of an act constituting a felony in violation of a 21 U.S.C. § 843(b). On September 29, 2000, the United States filed an Information under 21 U.S.C. § 851(a)(1) setting forth McGee's prior felony drug offenses for sentence enhancement purposes.[2] Dkt. # 15. The Information stated that McGee was convicted in the Los Angeles County Superior Court for Possession of Cocaine and for Possession of Cocaine (Base) with Intent to Sell/Deliver on November 7, 1987 and June 14, 1988, respectively. Id. After a jury trial, with Judge Sven Erik Holmes presiding, McGee was convicted on all three counts. Dkt. # 35.

---

[2] The Information specifically stated that the enhancement would apply to "the crime alleged in Count One" of the Indictment. Dkt. # 15. It did not reference Counts Two or Three. See footnote 7 for further discussion of the effect of this Information as it pertains to the notice requirements of 21 U.S.C. § 851(a)(1).

However, on March 1, 2001, Judge Holmes granted defendant's motion to arrest judgment on Count One.[3]  Dkt. # 41.

The Presentence Investigation Report ("PSI"), which was prepared for McGee's April 5, 2001 sentencing hearing, stated that McGee's total offense level was 37.  With respect to McGee's criminal history, the PSI stated:

> The total of the criminal points is eleven.  According to the sentencing table at USSG Chapter 5, Part A, eleven criminal history points establish a criminal history category of V.  However, pursuant to USSG 4B1.1, the defendant's criminal history category is enhanced to VI because he is considered a career criminal [sic].  The enhancement is based on the defendant's convictions for Possession of Cocaine; Los Angeles County Superior Court Case No. A638628 and Possession For Sale of Cocaine Base; Los Angeles County Superior Court Case No. A477041.

McGee's counsel filed an objection to the PSI on March 29, 2001.  Dkt. # 43.  However, the objection focused on the sentencing options for Count Three, id. at 1,  and did not address McGee's classification as a career offender under U.S.S.G. § 4B1.1.

---

[3]  Defendant was charged in Count One of conspiracy with two objects: (1) to knowingly cause the possession with intent to distribute PCP in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iv) and 18 U.S.C. § 2(b); and (2) to use interstate communication facilities in committing, causing, or facilitating acts constituting a felony in violation of 21 U.S.C. §843(b). On the first day of trial, the United States voluntarily dismissed the second object of the conspiracy.  Thus, the verdict form asked the jury to make a finding of guilt or non-guilt with respect to the first object only.  Dkt. # 35.

Based on the plain language of the statute, Judge Holmes held that 21 U.S.C. § 846 applies only to conspiracies to commit offenses against the United States as defined in Title 21, Chapter 13, Subchapter I.  He further found that 18 U.S.C. § 2(b) lies outside of Title 21, Chapter 13, Subchapter I and that § 2(b) constituted a substantive offense.  Judge Holmes concluded that the charge of a 21 U.S.C. § 846 conspiracy to cause (18 U.S.C. § 2(b)) a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iv) was an invalid and unsustainable charge.  See Dkt. # 41.  Judge Holmes arrested judgement as to Count One.

Judge Holmes sentenced McGee on April 5, 2001 to life imprisonment for Court Two and a term of imprisonment of fifty-six (56) years for Count Three. At the sentencing hearing, Judge Holmes referenced the findings in the PSI: "Based on the ruling and Presentence Report, the Court finds a total offense level of 37, criminal history category of six, contemplates custody of 360 months to life with the application of the mandatory life pursuant to the enhancements." Transcript of Proceedings on 4/5/01, at 25. He did not specifically mention McGee's status as a career offender; however, he adopted the PSI's finding of fact that his criminal history category was level VI.

McGee appealed his conviction and sentence to the Tenth Circuit Court of Appeals. The appellate court upheld McGee's conviction for distributing PCP, but it reversed his sentence for Count Three. See United States v. McGee, 291 F.3d 1224, 1227 (10th Cir. 2002). It held that the district court incorrectly sentenced McGee for seven separate violations of 21 U.S.C. § 843(b) for Count Three, when the indictment charged him with one violation only. Pursuant to the Tenth Circuit mandate, on December 19, 2002, Judge Holmes resentenced McGee to a term of life imprisonment as to Count Two and a term of imprisonment of ninety-six (96) months as to Count Three and entered an amended judgment (Dkt. # 91).

**II.**

Because he did not file a direct appeal after the entry of the amended judgment on December 19, 2002, petitioner's conviction became final on December 29, 2002. Fed. R. App. P. 4(b)(1)(A)(i);

United States v. Burch, 202 F.3d 1274, 1278-79 (10th Cir. 2000). Petitioner filed his § 2255 motion on December 29, 2003; thus, his motion is timely.[4]

In his motion, petitioner requests that the Court vacate or set aside his sentence on the grounds that (1) he received ineffective assistance of counsel when his trial and appellate counsel failed to argue that he was improperly classified as a career offender; (2) he received ineffective assistance of trial counsel during the plea negotiations because his attorney failed to recognize that he was not a career offender; and (3) resentencing counsel provided ineffective assistance when counsel failed to file a notice of appeal as requested by petitioner. Further, in his motion to amend his 2255 motion (Dkt. # 115), petitioner sets forth the additional argument that his sentence violated his Sixth Amendment rights. Section II(A), below, sets forth the legal standard for ineffective assistance of counsel. Section II(B) addresses both of petitioner's arguments concerning ineffective assistance of counsel based on his classification as a career offender. In Section II(C), the Court addresses petitioner's argument that he received ineffective assistance of counsel when his

---

[4] As a general rule, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Bousley v. United States, 523 U.S. 614, 621-22 (1998). However, the Supreme Court and the Tenth Circuit have held that the procedural default rule does not apply to ineffective assistance of counsel claims. Massaro v. United States, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in collateral proceedings under § 2255, whether or not the petitioner could have raised the claim on direct appeal."); United States v. Vargas, 316 F.3d 1163, 1165 (10th Cir. 2003) ("we have held that the procedural bar rule of United States v. Frady . . . does not apply to ineffective assistance of counsel claims") (internal quotations and citations omitted); United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."). Because petitioner raises only ineffective assistance of counsel claims in his § 2255 motion, there is no procedural bar to petitioner's claims.

5

resentencing attorney did not file a notice of appeal. Finally, in Section II(D), the Court addresses petitioner's motion to add additional support to his § 2255 motion.

**A.**

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. See also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). In Glover v. United States, 531 U.S. 198, 199 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance." Thus, the prejudice prong of the Strickland test does not require that any increase in

sentence must meet a standard of significance.  See United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003).

Although this Court is required to construe liberally a pro se petitioner's application for relief under § 2255, conclusory allegations, without factual basis, are insufficient to support claims of ineffective assistance of counsel.  United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

**B.**

According to the Federal Sentencing Guidelines (the "Guidelines"), "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at last two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1. Section 4B1.2(a) defines "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  Section 4B1.2(b) defines "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Petitioner contends that he was denied effective assistance of counsel because his attorneys failed to argue and/or recognize that he was improperly classified as a career offender under the Guidelines. Petitioner's PSI, which was prepared for his April 5, 2001 sentencing, stated:

> [P]ursuant to USSG 4B1.1, the defendant's criminal history category is enhanced [from V] to VI because he is considered a career criminal [sic]. The enhancement is based on the defendant's convictions for Possession of Cocaine [in 1987]; Los Angeles County Superior Court Case No. A638628 and Possession For Sale of Cocaine Base [in 1988]; Los Angeles County Superior Court Case No. A477041.

Though the Court did not expressly adopt the PSI's finding that the 1987 and 1988 convictions were the basis for his classification as a career offender, the Court did adopt the PSI's finding that petitioner's criminal history should be enhanced to level VI. Petitioner argues that the 1987 conviction should not have triggered his classification as a career offender.

The government concedes that "a prior conviction for mere possession of a controlled substance, without the intent to distribute, is insufficient to warrant application of U.S.S.G. § 4B1.1." Dkt. # 111, at 5. In United States v. Kissick, 69 F.3d 1048, 1056 (10th Cir. 1995)[5], the Tenth Circuit held that a prior conviction for mere possession of cocaine did not constitute a "controlled substance offense" for application of the career offender enhancement unless the record reflected that the crime involved additional elements required under U.S.S.G. § 4B1.2. See also United States v. Galloway, 937 F.2d 542, 549 (10th Cir. 1991). The court in Kissick further held that, when an attorney's deficient performance results in improper classification as a career offender,

---

[5]     One of the Tenth Circuit's holdings and its attendant analysis on a different point of law were abrogated in Glover. See footnote 6. However, Kissick is still good law with respect to the court's holding regarding classification as a career offender.

the prejudice element of Strickland is satisfied.[6]  Kissick, 69 F.3d at 1056.  Therefore, absent some reflection in the record that petitioner's 1987 conviction for possession of cocaine contained the requisite additional elements required under U.S.S.G. § 4B1.2, the 1987 conviction could not support petitioner's classification as a career offender.

While petitioner is correct that the 1987 conviction for mere possession should not have triggered the career offender enhancement, petitioner was nonetheless properly classified as a career offender.  In addition to the 1987 conviction for possession of cocaine and the 1988 conviction for possession for sale of cocaine base, petitioner's criminal history included another adult criminal conviction: a 1990 California conviction for battery with serious injury.  Thus, disregarding the 1987 conviction for possession of cocaine, petitioner's criminal history still included two prior qualifying felony convictions.

Though petitioner's § 2255 motion focuses solely on the 1987 conviction, in his reply, petitioner argues that his 1988 conviction could not be used to classify him as a career offender.  Dkt. # 113, at 3.  Petitioner argues, "in spite of the presentence report's description of the 1988 conviction as involving Poossesion [sic] for Sale of Cocaine Base, as likewise in Kissick, the movant respectfully states he was convicted of an offense that contained elements only of mere possession."  Id.  Petitioner incorrectly compares his 1998 conviction with that in Kissick.  In Kissick, the

---

[6] In Kissick, the Tenth Circuit stated, "when counsel's constitutionally deficient performance results in the defendant's improper classification as a career offender and when that improper classification results in a significantly greater sentence, the prejudice element of Strickland is satisfied."  Kissick, 69 F.3d at 1056 (emphasis added).  For the reasons set forth in Section II(A), above, Glover rejected the holding that, to constitute ineffective assistance of counsel, the classification must result in a significantly greater sentence.  According to Glover, any increase in sentence – however insignificant – can constitute ineffective assistance of counsel.  See Horey, 33 F.3d at 1188.

9

conviction in question was the possession of a controlled substance, not the possession for sale, or possession with intent to distribute, a controlled substance. Petitioner's 1988 conviction did not contain only the element of possession. On the contrary, petitioner pled guilty to the possession <u>for sale</u> of cocaine base under CAL. HEALTH & SAFETY CODE § 11351.5, which reads:

> Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale cocaine base which is specified in paragraph (1) of subdivision (f) of Section 11054, shall be punished by imprisonment in the state prison for a period of three, four, or five years.

As noted above, "controlled substance offense" includes an offense under state law, punishable by imprisonment for a term exceeding one year, that prohibits the possession of a controlled substance with intent to distribute or dispense. The possession for sale of cocaine base under CAL. HEALTH & SAFETY CODE § 11351.5, unlike simple possession, clearly falls within the definition of "controlled substance offense" for Guideline purposes.

Petitioner also argues that the 1990 conviction should not have been used to classify him as a career offender. He argues that "the battery conviction wasn't even listed in the Criminal History Computation section of the presentence report." Dkt. # 113, at 4. This statement is incorrect. The 1990 conviction was included in the criminal history section of his PSI in paragraph 32.

The Court finds that his 1990 conviction for battery with serious injury is a "crime of violence" as defined by U.S.S.G. § 4B1.2. "In determining whether a prior offense qualifies as a crime of violence [for the purposes of U.S.S.G. § 4B1.2], [the Court is] limited to examining the statutory elements of the crime, but if ambiguity exists under the statute [it] can look beyond the statute." <u>United States v. Paxton</u>, 422 F.3d 1203, 1205 (10th Cir. 2005) (quoting <u>United States v. Zamora</u>, 222 F.3d 756, 764 (10th Cir. 2002)); <u>United States v. Austin</u>, 426 F.3d 1226, 1270 (10th

Cir. 2005). Here, petitioner pled guilty and was convicted of battery with serious injury pursuant to CAL. PENAL CODE § 243(d). Section 243(d) reads:

> When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment in the state prison for two, three, or four years.

The term "crime of violence", as defined under U.S.S.G. § 4B1.2, includes an offense under state law, punishable by imprisonment for a term exceeding one year, that has as an element the use of physical force against the person of another. According to the California statute, battery with serious injury clearly contains such an element; therefore, petitioner's 1990 conviction constitutes a "crime of violence." Because petitioner had one prior felony conviction constituting a controlled substance offense and one prior felony conviction constituting a crime of violence, he was properly classified as a career offender.

Given that petitioner was correctly classified as a career offender, the Court finds that petitioner did not receive ineffective assistance of counsel when his attorneys did not object to his classification as a career offender. Even if his attorneys did not recognize the error in the PSI relying on the 1987 conviction in applying the career offender enhancement, petitioner was not prejudiced as a result of that error. If the error had been revealed, petitioner still would have been classified as a career offender based on the 1988 and 1990 convictions. Therefore, petitioner did not receive any additional punishment and was not otherwise prejudiced by this alleged error.

In addition to the fact that petitioner was correctly classified as a career offender, petitioner did not receive ineffective assistance of counsel because, pursuant to 21 U.S.C. § 841(b)(1)(A)(iv), petitioner received a statutory mandatory life sentence as to Count Two based on the enhancement

11

Information[7] and the 1987 and 1988 felony drug offenses. Section 841(b)(1)(A)(iv) states, in part:

"If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this

---

[7] Pursuant to 21 U.S.C. § 851(a)(1), "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." Here, the United States filed an Information (Dkt. # 15) pursuant to 21 U.S.C. § 851(a)(1). However, as noted in footnote 2, the Information referred only to Count One, and not to Counts Two or Three.

Defendant did not raise an objection to the use of this Information for sentence enhancement as to Count Two at sentencing, on appeal, or in his current § 2255 motion. Nonetheless, the Court raises sua sponte the issue of whether defendant received sufficient notice of the government's intention to use his 1987 and 1988 convictions for sentence enhancement purposes. According to the Tenth Circuit, § 851 was enacted to fulfill the due process requirement that a defendant "receive reasonable notice and opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to trial on the substantive offense." United States v. Gonzales-Lerma, 14 F.3d 1479, 1485 (10th Cir. 1994). The Court's inquiry is whether the information provided McGee "reasonable notice of the government's intent to rely on a particular conviction and a meaningful opportunity to be heard." Id. at 1485. The Tenth Circuit has followed other jurisdictions in noting that, in examining whether notice was sufficient under § 851, the Court should not "elevate form over substance." United States v. Castro-Portillo, 2007 WL 10761 (10th Cir. Jan. 3, 2007) (quoting United States v. Curiale, 390 F.3d 1075, 1077 (8th Cir. 2004). [The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.]

The issue is whether McGee received fair notice that the United States would use his prior 1987 and 1988 drug convictions to enhance his sentence, even though the Information referred only to Count One. In Castro-Portillo, the Tenth Circuit addressed a similar situation. There, the court held that the district court properly used the information to enhance the defendant's sentence under Count Four of the indictment even though the Information specifically mentioned the crimes listed only in Counts One and Two of the indictment. Castro-Portillo, 2007 WL 10761 at *10. Here, McGee, like the defendant in Castro-Portillo, had fair notice that the United States planned to use his prior convictions to enhance his sentence. He did not raise any objections to the Information or the convictions set forth therein. Therefore, the fact that the Information does not specifically refer to Count Two does not change the Court's analysis with respect to the application of the mandatory statutory life sentence.

12

title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatary term of life imprisonment without release . . . ." The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The term "felony drug offense," therefore, is less restrictive than "controlled substance offense" under U.S.S.G. § 4B1.2. Whereas the 1987 conviction does not constitute a "controlled substance offense" for U.S.S.G. § 4B1.2 purposes, it clearly falls within the definition of "felony drug offense."[8] Because petitioner was sentenced to a statutory mandatory life sentence as to Count Two based on his 1987 and 1988 felony drug offenses, any error on the part of his attorneys pertaining to his classification as a career offender under the Guidelines was not prejudicial because it was immaterial.

### C.

Petitioner also argues that he received ineffective assistance of counsel because his resentencing attorney failed to file an appeal of the amended judgment after petitioner requested him to do so. To support his argument, petitioner merely states that he asked his attorney to file an appeal and his attorney failed to do so. Dkt. # 101, at 16. However, Robert Nigh, Jr. ("Nigh"), the

---

[8]   Petitioner was charged and convicted for possession of a controlled substance under CAL. HEATH & SAFETY CODE § 11350, which states that a person who possesses a controlled substance "shall be punished by imprisonment in the county jail for not more than one year or in the state prison." CAL. PENAL CODE § 18 states: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years . . . ." Thus, under California law, possession of a controlled substance is an offense punishable by imprisonment for more than one year. See, e.g., People v. Allen, 57 Cal. Rptr. 2d 269, 274 (Cal. Ct. App. 1996).

attorney appointed to represent petitioner for resentencing after remand from the Tenth Circuit, testified in his affidavit:

> Prior to our appearance in court for sentencing, and again after the sentencing proceeding, I met with Mr. McGee and explained to him his right to appeal. I also told Mr. McGee that I would file an appeal on his behalf upon this request. At the conclusion of those discussions, Mr. McGee told me he did not wish to pursue a direct appeal from the resentencing on Count 3.

Dkt. # 112, ¶ 3. As noted in Section II(A), above, conclusory allegations, without factual basis, are insufficient to support claims of ineffective assistance of counsel. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994). Here, petitioner provides nothing but conclusory allegations that Nigh did not file an appeal on his request. Absent any evidence supporting such an allegation, the Court will not vacate petitioner's sentence.

**D.**

On July 15, 2004, petitioner filed a motion to amend his § 2255 motion (Dkt. # 115). The motion itself contained the additional argument that his sentence violated his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004).[9] As noted above, petitioner had until December 29, 2003 to file a timely § 2255 motion. While petitioner timely filed his original petition, his motion to amend was not filed until July 15, 2004, after the expiration of the one-year limitations period. Since petitioner's new claims do not relate back to the date of the original petition, the Court finds that allowing the proposed amendment would frustrate the intent of

---

[9] Clearly, petitioner did not base his argument on United States v. Booker, 543 U.S. 220 (2005), because that case was not decided until after petitioner filed this motion for amendment. However, the Court presumes that petitioner would also rely on Booker because Booker more directly applies to the federal Guidelines.

14

Congress in enacting the statute of limitations provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[10]

The fact that petitioner cites to Blakely in requesting relief under § 2255 does not change the Court's analysis that his motion to amend is time-barred. In Dodd v. United States, 545 U.S. 353 (2005), the Supreme Court held that the one-year limitation period under ¶6(3) of 28 U.S.C. § 2255 begins to run on the date on which the Supreme Court "initially recognized" the right asserted in an applicant's motion. However, a federal prisoner may take advantage of that date only if the asserted right has also been made retroactively applicable to cases on collateral review. Dodd, 545 U.S. at 358. The Tenth Circuit Court of Appeals has refused to apply Blakely and/or Booker retroactively to cases on collateral review. United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding Blakely is not subject to retroactive application on collateral review); cf. Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker may not be applied retroactively to second or successive habeas petitions). Therefore, neither Blakely nor Booker serves as a basis

---

[10]   Petitioner has not presented any justification constituting "extraordinary circumstances" warranting equitable tolling of the limitations period. See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The petitioner must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d at 978. In this case, petitioner has not provided an explanation for his lack of diligence. The Court finds no basis for extending the limitations period applicable to the claims raised in petitioner's motion to amend. Finally, as noted above, his status as a career offender was immaterial to the statutory mandatory life sentence.

for restarting petitioner's statute of limitations. It follows that petitioner's motion to amend his § 2255 motion should be denied.[11]

### III.

In summary, the Court finds that petitioner's § 2255 motion should be denied. The Court finds that petitioner did not receive ineffective assistance of counsel on the grounds that his attorneys failed to argue and/or recognize that petitioner was improperly classified as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 because (1) petitioner was properly classified as a career offender, and (2) regardless of his status as a career offender, petitioner was sentenced to statutory mandatory life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iv). Also, the Court finds

---

[11]   Even if the Court were to consider McGee's arguments pursuant to Blakely, it finds those arguments unpersuasive. In his amendment to the § 2255 motion, petitioner argues:

> [T]he career offender guideline, § 4B1.1, offense level is determined by the statutory maximum that the Judge may impose based solely on the facts reflected in the jury verdict, or admitted by the defendant. . . . In Blakely an [sic] Apprendi the statutory maximum is determined by the four corners of the defendant's guilty plea, and or his verdict from alone if indeed he proceeded to trial. . . . Petitioner's maximum sentence he could have been exposed to if he indeed had a clear record is a level 32, which carries a sentence of 121 months because that is what his guideline statutory maximum calls for.

Dkt. # 115, at 3. The Court interprets his argument to mean that the Court incorrectly calculated his sentence based on prior convictions, which were not submitted to the jury. However, the Supreme Court in Booker held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244 (emphasis added). The Tenth Circuit has held that the fact of a prior conviction need not be proven to a jury or admitted by a defendant. United States v. Andrews, 447 F.3d 806, 811 (10th Cir. 2006); United States v. Moore, 401 F.3d 1220 (10th Cir. 2005). Also, the application of the career offender enhancement under U.S.S.G. § 4B1.1 based on prior felony convictions does not constitute a constitutional Booker error. Andrews, 447 F.3d at 811. Thus, Booker does not put into question the Court's apparent classification of petitioner as a career offender or any other sentence enhancement based on petitioner's prior convictions.

that petitioner did not receive ineffective assistance of resentencing counsel for failure to appeal because there is no evidence, other than petitioner's conclusory allegations, that he requested that his attorney appeal the revised sentence. Finally, the Court finds that petitioner's motion to amend his § 2255 motion (Dkt. # 115) should be denied based on the limitations period set in the AEDPA. Neither Blakely nor Booker serves as a basis for restarting petitioner's statute of limitations.

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 101) filed by petitioner Malcolm Derome McGee is hereby **denied**, and the Motion to Add Additional Support to the Initial 2255 Motion and Respond and Expend the Record (Dkt. # 115) is also **denied**. A separate judgment is entered herewith.

**DATED** this 20th day of February, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

17