# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00-CR-0105-CVE |
| | ) | (15-CV-0293-CVE-FHM) |
| | ) | |
| MALCOLM DEROME MCGEE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Dkt. # 134). Defendant claims that he is entitled to a reduction of his sentence due to a change in California law, because one of his prior drug offenses that was used to enhance his sentence has been reduced from a felony to a misdemeanor. Dkt. # 134, at 17.

On August 8, 2000, a grand jury returned an indictment charging defendant with conspiracy to possess with intent to distribute Phencyclidine (PCP) (count one), possession of PCP with intent to distribute (count two), and use of a communications facility to cause or facilitate a drug trafficking offense (count three). Dkt. # 7. The government filed an enhancement information (Dkt. # 15) stating that defendant had two prior convictions for felony drug offenses and he was subject to a sentencing enhancement if convicted of counts one, two, or three. A change of plea hearing was set for October 27, 2000, and defendant appeared at the hearing with his attorney. The government offered defendant a plea agreement at the hearing and the Honorable Sven Erik Holmes gave defendant additional time to consider the offer to avoid putting pressure on him to accept the plea

agreement. Dkt. # 32. However, defendant was advised that the trial would proceed on October 30, 2000 if he chose not to change his plea. Id. On the morning of the first day of trial, defendant announced that he would reject the plea agreement and he intended to exercise his right to a jury trial. Dkt. # 33. The jury found defendant guilty of all three counts. Defendant filed a motion to arrest judgment (Dkt. # 36) as to count one and he argued that count one did not actually charge an offense. Judge Holmes granted the motion. Dkt. # 41. Due to his prior felony drug convictions, defendant received a sentence of life imprisonment as to count two and a sentence of 56 years as to count three.[1]

Defendant appealed his convictions to the Tenth Circuit Court of Appeals, and his convictions and sentence were affirmed in all respects except for his sentence as to count three. The case was remanded for resentencing on count three. Defendant was sentenced to 96 months as to count three at a resentencing hearing. Dkt. # 91. On December 29, 2003, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 101). The motion was denied. Dkt. ## 117, 118. Defendant appealed the denial of his § 2255 motion and, on September 10, 2007, the Tenth Circuit denied his request for a certificate of appealability and dismissed his appeal. Dkt. # 126. Defendant filed a motion for relief under Fed. R. Civ. P. 60(d) (Dkt. # 128) asserting new claims of ineffective assistance of counsel. The Court construed the motion as a second or successive § 2255 motion and dismissed the motion for lack of jurisdiction. Dkt. # 129.

---

[1] The sentencing court determined that count three charged seven separate offenses and sentenced to defendant to eight years as to each offense. This resulted in a sentence of 56 years on count three. Due to the filing of an enhancement information, defendant was subject to a statutory maximum sentence of eight years on count three. 21 U.S.C. § 843(d).

Defendant filed a motion with the Tenth Circuit requesting authorization to file a second or successive § 2255, and the Tenth Circuit denied defendant's request. Dkt. # 133.

Defendant has filed another § 2255 motion and he argues that his motion (Dkt. # 53) is timely under § 2255(f)(4), which states that the one year limitation period for filing a § 2255 motion shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." However, defendant has already filed a § 2255 motion and his motion was denied. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the

Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Even though the Court lacks jurisdiction over defendant's motion, the Court must consider whether the motion should be transferred to the Tenth Circuit or dismissed for lack of jurisdiction. Defendant claims that his federal criminal proceedings should be reopened to permit the Court to resentence him without an enhancement for having two prior felony drug convictions, because one of his prior felony drug convictions has been reduced to a misdemeanor by the State of California. Defendant cites Johnson v. United States, 544 U.S. 295 (2005), for the proposition that a state court ruling vacating a prior state court conviction can in some circumstances constitute a new fact that would allow a defendant to proceed under § 2255(f)(4). Dkt. # 136, at 19. However, he has already filed a § 2255 motion and he can obtain permission to file a second or successive § 2255 only if he has newly discovered evidence that he was actually innocent of his federal offense or if the Supreme Court has recognized a new rule of constitutional law that has been retroactive to cases on collateral review. Defendant's claim does not fit within either category, and nothing in Johnson suggests that defendant would be authorized to file a second or successive § 2255 under the circumstances. The

4

Court declines to transfer defendant's motion to the Tenth Circuit and finds that defendant's motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Dkt. # 134) is **dismissed** for lack of jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 9th day of June, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE