# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00-CR-0105-CVE |
| | ) | (15-CV-0293-CVE-FHM) |
| | ) | |
| MALCOLM DEROME McGEE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Reconsideration of Order Summarily Dismissing Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255; and Memorandum of Points and Authorities in Support (Dkt. # 139). Defendant claims that he is entitled to a reduction of his sentence due to a change in California law, because one of his prior drug offenses that was used to enhance his sentence has been reduced from a felony to a misdemeanor. Dkt. # 139, at 17. Defendant attempted to raise this argument in a second or successive § 2255 motion (Dkt. # 134), and the Court dismissed the motion for lack of jurisdiction. Dkt. ## 137, 138.

On August 8, 2000, a grand jury returned an indictment charging defendant with conspiracy to possess with intent to distribute Phencyclidine (PCP) (count one), possession of PCP with intent to distribute (count two), and use of a communications facility to cause or facilitate a drug trafficking offense (count three). Dkt. # 7. The government filed an enhancement information (Dkt. # 15) stating that defendant had two prior convictions for felony drug offenses and he was subject to a sentencing enhancement if convicted of counts one, two, or three. A change of plea hearing was

set for October 27, 2000, and defendant appeared at the hearing with his attorney. The government offered defendant a plea agreement at the hearing and the Honorable Sven Erik Holmes gave defendant additional time to consider the offer to avoid putting pressure on him to accept the plea agreement. Dkt. # 32. However, defendant was advised that the trial would proceed on October 30, 2000 if he chose not to change his plea. Id. On the morning of the first day of trial, defendant announced that he would reject the plea agreement and he intended to exercise his right to a jury trial. Dkt. # 33. The jury found defendant guilty of all three counts. Defendant filed a motion to arrest judgment (Dkt. # 36) as to count one and he argued that count one did not actually charge an offense. Judge Holmes granted the motion. Dkt. # 41. Due to his prior felony drug convictions, defendant received a sentence of life imprisonment as to count two and a sentence of 56 years as to count three.[1]

Defendant appealed his convictions and sentence to the Tenth Circuit Court of Appeals, and his convictions and sentence were affirmed in all respects except for his sentence as to count three. The case was remanded for resentencing on count three. Defendant was sentenced to 96 months as to count three at a resentencing hearing. Dkt. # 91. On December 29, 2003, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 101). The motion was denied. Dkt. ## 117, 118. Defendant appealed the denial of his § 2255 motion and, on September 10, 2007, the Tenth Circuit denied his request for a certificate of appealability and dismissed his appeal. Dkt. # 126. Defendant filed a motion for relief under Fed. R. Civ. P. 60(d)

---

[1] The sentencing court determined that count three charged seven separate offenses and sentenced to defendant to eight years as to each offense. This resulted in a sentence of 56 years on count three. Due to the filing of an enhancement information, defendant was subject to a statutory maximum sentence of eight years on count three. 21 U.S.C. § 843(d).

2

(Dkt. # 128) asserting new claims of ineffective assistance of counsel. The Court construed the motion as a second or successive § 2255 motion and dismissed the motion for lack of jurisdiction. Dkt. # 129. Defendant filed a motion with the Tenth Circuit requesting authorization to file a second or successive § 2255, and the Tenth Circuit denied defendant's request. Dkt. # 133. Defendant filed a motion (Dkt. # 134) seeking to vacate, set aside, or correct his sentence based on a change in California law that changed a prior felony drug conviction to a misdemeanor conviction. The Court determined that defendant's motion was a second or successive § 2255 motion, and the motion was dismissed for lack of jurisdiction. Dkt. ## 137, 138. Defendant asks the Court to reconsider its decision (Dkt. ## 137, 138) to dismiss his most recent § 2255 motion (Dkt. # 134).

Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks

3

jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

Defendant's motion to reconsider can reasonably be viewed as a challenge to the procedural integrity of the proceedings, because he argues that the Court erred by declining jurisdiction over his motion (Dkt. # 134). He asks the Court to reach the merits of his motion, but he does not directly reassert his claim that his sentence should be reduced or vacated. However, this merely means that the Court can consider defendant's motion to reconsider (Dkt. # 139). Defendant argues that his second § 2255 motion was timely because it was filed within one year of the date that his state court drug conviction was reduced from a felony to a misdemeanor, and he relies on § 2255(f). Dkt. # 139, at 3. Section 2255(f) applies only to initial § 2255 motions, and defendant has already filed a § 2255 motion (Dkt. # 101). As the Court explained in its opinion and order (Dkt. # 138), this Court lacks jurisdiction to hear a second or successive § 2255 motion and defendant must request authorization to file such a motion from the Tenth Circuit. Defendant has not shown that the Court has jurisdiction over his most recent § 2255 motion, and defendant's motion (Dkt. # 134) was appropriately dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of Order Summarily Dismissing Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255; and Memorandum of Points and Authorities in Support (Dkt. # 139) is **denied**.

**DATED** this 6th day of July, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE