UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-CR-0105-CVE |
| ) | (15-CV-0667-CVE-JFJ) |
| ) | |
| MALCOLM DEROME McGEE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 151). Defendant Malcolm Derome McGee argues that one of his prior convictions was reduced from a felony to a misdemeanor, and he asserts that he should be resentenced without application of a mandatory life sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851(a)(1).[1] The government responds that the redesignation of defendant's conviction as a misdemeanor under state law does not affect the validity of his federal sentence, and the government asks the Court to deny defendant's § 2255 motion.

## I.

On July 17, 2000, defendant was charged by complaint with conspiracy to possess with intent to distribute phencyclidine (PCP), and he was arrested on the same day. Dkt. ## 1, 2.

---

[1] Defendant was not represented by counsel when he filed his § 2255 motion (Dkt. # 151) and his reply (Dkt. # 158), but the Stanford Law School Three Strikes Project requested leave to enter an appearance on behalf of defendant. Dkt. # 160. The Court granted the motion and permitted counsel to file a supplemental brief on defendant's behalf. Dkt. ## 162, 163. Defense counsel has filed a supplemental brief (Dkt. # 168) and a notice of supplemental authority (Dkt. # 169).

Defendant made his initial appearance and the Court appointed counsel to represent him. Dkt. # 3. A grand jury returned an indictment charging defendant with conspiracy to possess with intent to distribute PCP (count one), possession with intent to distribute of at least one kilogram of a mixture or substance containing a detectable amount of PCP (count two), and use of a communication facility to facilitate a drug trafficking crime (count three). Dkt. # 7. The case was randomly assigned to the Honorable Sven Erik Holmes. Counts one and two of the indictment carried a statutory mandatory minimum sentence of 10 years and a statutory maximum sentence of life imprisonment. However, the government filed an enhancement information (Dkt. # 15) under § 851 based on two prior convictions for felony drug offenses, and defendant faced a mandatory minimum sentence of life imprisonment if convicted of count one or two. See 21 U.S.C. § 841(b)(1) ("If a person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment . . ."). Defendant exercised his right to a jury trial and he was convicted of all counts. Dkt. # 35. Defendant filed a motion to arrest judgment (Dkt. # 36) under Fed. R. Civ. P. 34 as to count one, and his motion was granted. Dkt. # 41. Defendant was sentenced to life imprisonment as to count two and 56 years as to count three, and the sentences were ordered to run concurrently with each other. Dkt. # 47.

     Defendant appealed his convictions and sentence, and the Tenth Circuit Court of Appeals remanded the case for resentencing as to count three. Dkt. # 61. The maximum sentence for an offense under 21 U.S.C. § 843(b) is eight years, and the sentencing court incorrectly found that defendant committed seven separate violations of § 843(b) in calculating defendant's sentence as to count three. On remand, the sentencing judge imposed a sentence of 96 months as to count three

and ordered the sentence to run concurrently with the life sentence imposed as to count two. Dkt. # 91, at 2. Defendant filed a § 2255 motion asserting that he received ineffective assistance of trial and appellate counsel. Dkt. # 101. After defendant's § 2255 motion was filed, the case was randomly reassigned to the undersigned. Dkt. # 116. Defendant's § 2255 motion was denied, and the Tenth Circuit rejected defendant's request for a certificate of appealability. Dkt. ## 117, 126. Defendant filed two subsequent motions that were treated as second or successive § 2255 motions (Dkt. ## 128, 134), and both motions were dismissed for lack of jurisdiction.

Defendant sought authorization from the Tenth Circuit to file a second or successive § 2255 motion on the ground that one of the convictions used to enhance his sentence as to count two had been reduced from a felony to a misdemeanor. Dkt. # 150. The Tenth Circuit cited In re Weathersby, 717 F.3d 1108 (10th Cir. 2013), for the proposition that it was unnecessary for defendant to obtain authorization to proceed with a second or successive § 2255 motion when seeking relief based on a claim that was not ripe when his initial § 2255 motion was filed. Id. at 4. On November 20, 2015, defendant filed a § 2255 motion (Dkt. # 151) in this Court arguing that he could no longer be sentenced to life imprisonment under § 841(b)(1)(A), because one of his two qualifying felony drug convictions had been reduced to a misdemeanor. The Court ordered the government to respond to defendant's motion. Dkt. # 153. The government has filed a response agreeing with defendant to the extent that his motion should not be treated as a second or successive § 2255 motion, but the government objects to defendant's request to be resentenced without application of a mandatory life sentence. Dkt. # 156. Defendant has filed a reply (Dkt. # 158) and the Court has received supplemental briefing from both parties (Dkt. ## 164, 168, 169), and defendant's § 2255 motion is ripe for adjudication. The Court has reviewed defendant's motion and

3

finds that he could not have raised his claim in his original § 2255 motion, and the Court can consider defendant's motion (Dkt. # 151) without reference to the limitations on filing a second or successive § 2255 motion. In re Weathersby, 717 F.3d at 1110-11.

## II.

Defendant argues that he should be resentenced without application of a mandatory life sentence under § 841(b)(1)(A), because one of the two felony convictions used to enhance his sentence has been reduced to a misdemeanor. The government responds that the subsequent reduction of a penalty under state law has no effect on defendant's federal sentence, because it is undisputed that defendant had two "final" convictions for felony drug offenses when he was sentenced and Proposition 47 does not alter the historical fact of defendant's prior felony convictions.

On November, 4, 2014, voters in the state of California passed Proposition 47, also known as the Safe Neighborhoods and Schools Act, and Proposition 47 took effect on November 5, 2014. People v. Rivera, 183 Cal. Rptr. 3d 362 (Cal. Ct. App. 2015). Proposition 47 reduced certain drug possession offenses from a felony to a misdemeanor, and the maximum sentence for these offenses became no more than one year imprisonment. CAL. HEALTH & SAFETY CODE § 11350. Proposition 47 also created a procedure for criminal defendants who had been convicted of a felony drug offense to petition the state court to redesignate a felony drug conviction as a misdemeanor. CAL. PENAL CODE § 1170.18. The presentence investigation report (PSR) in this case states that defendant had been convicted of possession of cocaine on November 7, 1987, and defendant was sentenced to two years imprisonment. The maximum sentence of imprisonment under the version of § 11350 in effect at the time was four years. Defendant filed a petition in the Superior Court of California in Los

4

Angeles County and, on March 12, 2015, his 1987 felony drug conviction was reduced to a misdemeanor. Dkt. # 151, at 21. The conviction was one of the two felony convictions identified in the enhancement information that was used to enhance the statutory mandatory minimum sentence to life imprisonment.

Defendant argues that he is no longer eligible for a mandatory life sentence under § 841(b)(1)(A), because one of the felony drug offenses used to enhance his sentence has been reduced to a misdemeanor. Dkt. # 151, at 17-18. Section 841(b)(1)(A) states that "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(A). A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs . . . ." 21 U.S.C. § 802(44). A state drug offense qualifies as a "felony drug offense" if it is punishable by more than one year imprisonment, even if the offense is classified as a misdemeanor under state law. Burgess v. United States, 553 U.S. 124, 126-27 (2008). Federal law must be applied to determine whether a conviction is a "felony drug offense, because referencing state law to interpret the definition of the term "felony drug offense" would disrupt the uniform application of the federal drug laws. United States v. Dyke, 718 F.3d 1282, 1292 (10th Cir. 2013) (drug conviction that was expunged under state law could still be considered a "felony drug offense" under federal law). The alteration of the status of a conviction under state law does not erase the historical fact of the conviction, and state law does not "dictate the meaning of a federal statute, at least absent some evidence Congress sought to defer to and incorporate state law." Id. Congress did not defer to or incorporate state law when drafting § 841.

5

Id. "The question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have, as a matter of grace, permitted the conviction to be excused, satisfied, or otherwise set aside." Id. at 1293.

The parties dispute whether the reclassification of defendant's 1987 conviction gives rise to a right to resentencing without application of the mandatory minimum life sentence. The Tenth Circuit has not considered whether reclassification of a conviction under Proposition 47 has any effect on a previously imposed sentence under § 841, but the Ninth Circuit Court of Appeals has directly considered this issue. In United States v. Diaz, 838 F.3d 968 (9th Cir. 2016), the defendant had been convicted of federal drug offenses under § 841, and he was sentenced to life imprisonment because of his two prior felony convictions under California law. Id. at 971. The defendant successfully petitioned the state courts to reduce one of his convictions to a misdemeanor, and he argued that he was no longer eligible for a life sentence under § 841. Id. The Ninth Circuit initially noted that federal law would be applied to determine the effect of California's reclassification of an offense, and a state court's decision to grant post-conviction relief generally has no retroactive effect on a previously imposed federal sentence. Id. at 972. Under federal law, the historical fact of a conviction is not changed for sentencing purposes, even if that sentence is expunged under state law, but there would be an exception to this rule if a state court granted post-conviction relief because of a constitutional violation or the defendant was actually innocent of the charged offense. Id. at 973. Citing the Tenth Circuit's decision in Dyke, the Ninth Circuit stated that § 841 is a "backward-looking" statute and sentencing enhancements based on prior convictions under this statute are triggered when a defendant has a qualifying conviction that has become "final." Id. at 973-74. Changes in state law concerning the treatment of a prior conviction do not alter the historical fact

of the conviction, and there is no indication in § 841 that Congress authorized federal courts to give retroactive effect to state laws reclassifying or altering prior convictions. Id. at 974. In fact, it would defeat the purpose of the enhancement for recidivist offenders to ignore the fact of a prior conviction, and it would also undermine the uniformity of federal sentencing laws to retroactively incorporate changes to the status of convictions under state law. Id. The Ninth Circuit concluded that the reduction of the defendant's prior conviction to a misdemeanor under Proposition 47 had no effect on his federal sentence and affirmed his life sentence.

Defendant relies heavily on California case law and statutes to support his argument that he should be resentenced without a mandatory life sentence. He argues that Proposition 47 applies prospectively and retroactively as a matter of state law and that it erases the prior felony conviction for all purposes. Dkt. # 168, at 8-9; Dkt. # 169. He argues that the Court should decline to follow Diaz, because it is not binding precedent and he claims that the case was wrongly decided. Dkt. # 168, at 11. However, Tenth Circuit precedent is clear that the interpretation of the term "felony drug offense" is governed by federal law, and even the subsequent expunction of a conviction under state law does not alter the historical fact of a conviction for the purpose of sentencing under § 841. Dyke, 718 F.3d at 1292. The Ninth Circuit expressly relied on Dyke when faced with the same issue raised in this case, and the reasoning of Diaz is consistent with Tenth Circuit precedent. Plaintiff may be correct that his 1987 felony drug conviction is "erased" as a matter of California law, but this does not change the historical fact of the conviction under federal drug laws. See Dkt. # 169, at 2. Other federal district courts in the Tenth Circuit have considered the issue presented in this case, and in each case courts have rejected the argument that the reduction of a prior felony conviction to a misdemeanor under Proposition 47 undermines the validity of a sentencing

7

enhancement under federal law. McCoy v. United States, 2017 WL 5176347 (D. Utah Nov. 7, 2017) (rejecting argument that the reduction of an offense to a misdemeanor under Proposition 47 had any effect on the defendant's status as a career offender under the sentencing guidelines); Perez v. United States, 2017 WL 108037 (D. Utah. Jan. 11, 2017) (Proposition 47 did not alter the historical fact of defendant's felony drug conviction for the purpose of sentencing under § 841); United States v. Jackson, 2016 WL 9774956 (D.N.M. Nov. 7, 2016) (felony conviction reduced to misdemeanor under Proposition 47 could still be considered a prior felony conviction for the career offender enhancement); United States v. Bell, 2016 WL 6407427 (W.D. Okla. Oct. 28, 2016) (following Diaz and finding that Proposition 47 did not affect defendant's sentence under federal law).

The Court finds that Diaz is persuasive authority that is consistent with Tenth Circuit precedent, and the Court will follow Diaz in ruling on defendant's § 2255 motion. It is undisputed that defendant's 1987 conviction for possession of cocaine carried a maximum punishment of more than one year, and the PSR in this case shows that defendant was actually sentenced to two years imprisonment. The subsequent reduction of this conviction to a misdemeanor does not change the historical fact that defendant was convicted of this felony and that the conviction was "final" when he was sentenced in this case. Defendant had two felony convictions for felony drug offenses when he was sentenced, and the subsequent reduction of one of those felony convictions to a misdemeanor due to a change in state law has no effect on his federal sentence. The Court finds that defendant's § 2255 motion (Dkt. # 151) presents no other claims and his motion should be denied.

### III.

The Court has considered the claim raised in defendant's § 2255 motion (Dkt. # 151) and finds that he is not entitled to relief. Rule 11 of the Rules Governing Section 2255 Proceedings

instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. Defendant has raised an argument that his sentence violates § 841 due to the reduction of one of his prior convictions to a misdemeanor. However, this is a statutory, not a constitutional, claim, and he cannot obtain a certificate of appealability unless he makes a substantial showing that his constitutional rights have been violated. United States v. Bell, 689 F. App'x. 598 (10th Cir. May 30, 2017) (classifying the defendant's argument concerning the effect of Proposition 47 as a statutory argument and finding no plausible argument that the defendant's constitutional rights had been violated).[2]

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence (Dkt. # 151) is **denied**. A separate judgment is entered herewith.

**DATED** this 30th day of January, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.